## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

**JACOB J. BRANNON**                                                                                      **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:20-CV-P59-TBR**

**STEVE WILLIAMS** *et al.*                                                                **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Jacob J. Brannon leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Fulton County Jail (FCJ). He brings this suit against five FCJ employees – Jailer/Warden Steve Williams; "Chief of Security" Jeff Johnson; "Program Director" Eric Hamilton; "Class-D Coordinator" Robin Arnberg; and "M.R.T. Instructor" Kendra Williams. He sues these Defendants in both their official and individual capacities.

Plaintiff makes the following allegations:

On March 28, 2019 I had a conversation with Kendra Williams about her husband and as a result I was taken to Isolation . . . and an Administrative Conflict arose between her and I. On May 20, 2019 I was Ordered to Enter/Complete the Program M.R.T. (before my next P.E.D. on July 2020) by the Kentucky D.O.C. Parole Board. On June 20, 2019 I was forced to move within Isolation for my safety/security (due to Admin. Conflict). On October 9, 2019 I filed a Grievance [] in regard to the Admin. Conflict and the complications it was causing, followed by a Grievance Appeal on October 10, 2019 (as the Administration failed to resolve issue). On October 25, 2019, I was moved back into General Population so I could have access to Phone, Canteen, Visits, and etc. On November 11th, 18th, and 25th of 2019 I wrote Messages (via Inmate Kiosk) to both Class-D Coordinator and Program Director, in reference to the M.R.T. program. After no avail, I filed a Grievance on January 16th, 2020 and a Grievance Appeal on January 20th, 2020, before writing another Message on January 27th, 2020 to the Program Director (as

directed in the Griev. Appeal) and received no response. I finally sent a Message on February 17, 2020 to both Warden and Chief of Security, although nothing was done. I have made several attempts to obtain my Rights, yet I've been shown Prejudice/Indifference by every Defendant. Had C.P.P. (Correctional Policy/Procedure) been adhered to, then I would have been Transferred and none of these problems (Parole in Jeopardy, loss of Good-Time/Extended Length of Incarceration, loss of Employment and Mental Anguish) would be happening. Therefore, I believe I have been treated with Cruel and Unusual Punishment (as a Victim of Organized Crime, Administrative Bullying, and Entrapment because every Defendant was aware of the situation and failed to execute their Authority/Power to resolve the problem. . . .

As relief, Plaintiff seeks damages and injunctive relief in the form of being transferred to another facility and that Defendants be forced to resign.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although it is not clear, it appears that Plaintiff's first claim is related to the way his grievances were processed by FCJ officials. Prisoners, however, do not possess a constitutional right to an effective grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is

no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"). Thus, the Court will dismiss any claim based upon FCJ officials' handling of Plaintiff's grievances for failure to state a claim upon which relief may be granted.

Another of Plaintiff's claims seems to be grounded in Defendants' alleged refusal to enroll him in an "M.R.T." program. According to the Kentucky Department of Corrections' website, "MRT" stands for "Moral Reconation Therapy" and is an inmate program that has been shown "to significantly lower recidivism rates in offenders." Kentucky Department of Corrections, *Inmate Programs*, https://corrections.ky.gov/Facilities/AI/wkcc/Pages/ inmateprograms.aspx (last visited April 20, 2020). Federal courts have consistently held that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, or educational programs based on the Fourteenth Amendment. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x at 429 (prisoners have no constitutional right to rehabilitation, education, or jobs); *Carter v. Corr. Corp. of Am.*, No. 98-6336, 1999 U.S. App. LEXIS 13619, at *4 (6th Cir. June 15, 1999) ("[P]risoners have no constitutionally cognizable right to rehabilitative programs.") (citations omitted); *Griffin v. Kallen*, 791 F.2d 933 (6th Cir. 1986)

(per curiam) (unpublished table decision) ("[P]risoner has no constitutional entitlement to a particular classification or to any particular eligibility for rehabilitative programs."). Thus, because Plaintiff has no liberty interest in any type of rehabilitative program, a claim based upon Defendants' failure to enroll him in such a program fails to state a claim upon which relief may be granted.

      Finally, to the extent that Plaintiff claims his constitutional rights have been violated by Defendants' failure to transfer him to another institution, this claim also fails to state a claim upon which relief may be granted. The law is clear that inmates have no constitutional right to be incarcerated in any particular institution or a particular part of an institution unless the state has created a liberty interest in remaining at a particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Montanye v. Haymes,* 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-229 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). This is not the case in Kentucky where transfer of prisoners is within the discretion of the corrections cabinet. Ky. Rev. Stat. § 197.065.

      The Court further notes that although Plaintiff also asks the Court to force Defendants to resign, the Court does not have the authority to grant this type of relief under § 1983. *See, e.g.*, *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); *Leek v. Thomas*, No. 09-3036-

SAC, 2009 U.S. Dist. LEXIS 39406, at *9 (D. Kan. May 8, 2009) ("[P]laintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action.").

### IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order for failure to state a claim upon which relief may be granted.

Date: April 22, 2020

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        Fulton County Attorney
4413.011